United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIKO POWELL, | No. 17-cv-02257 CRB |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE** |
| v. | |
| ANGELA BRADSTREET, et al., | |
| Defendants. | |

The Court has reviewed Magistrate Judge Corley's Report and Recommendation (hereinafter "R&R," dkt. 9), as well as Plaintiff Tamiko Powell's objections to the R&R, contained in a document entitled, "Answer to Complaint for Order Reassigning and Report and Recommendation to Dismiss" (hereinafter "Answer," dkt. 11). Notwithstanding Plaintiff's objections, the Court finds the R&R correct, well-reasoned, and thorough, and ADOPTS it in every respect. The Court notes that while Plaintiff argues that Defendant Bradstreet "voided her contract of 'judicial immunity'" through her alleged misdeeds, Plaintiff does not dispute that Defendant Bradstreet, in mediating Plaintiff's dispute, performed a function bearing a close association to the judicial process. See Answer at 3 ("Ms. Bradstreet is an officer of this Honorable Court. . . . Ms. Bradstreet took the responsibility given to her by the Courts. . ."); see also R&R at 4 (explaining that courts extend absolute judicial immunity to officers whose functions closely resemble the judicial

process). Plaintiff similarly contends that the remaining two Defendants—the Honorable Ronald Quidachay and the Honorable Ernst Goldsmith—should forfeit their judicial immunity because they allegedly decided "to protect Ms. Bradstreet instead of interceding to make sure all participant's [sic] followed the letter of the law." See Answer at 3. But a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). Accordingly, both because the Defendants are entitled to judicial immunity and because Plaintiff failed to state a constitutional violation, see generally R&R, the Complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e).

**IT IS SO ORDERED.**

Dated: August 4, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE